FILED '10 MAR 04 13:16 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID SKOLASKI,                                              08-CV-1228-TC

                Plaintiff,

    v.                                                       FINDINGS and RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.

COFFIN, Magistrate Judge:

## Introduction

Plaintiff David Skolaski brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) (the Act), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability benefits. For the reasons discussed below, I recommend that the court affirm the Commissioner's decision and enter final judgment.

///

Page 1 - FINDINGS and RECOMMENDATION

Plaintiff was born September 3, 1963. (Doc. 16, p. 2). He completed a high school education by way of a General Educational Development (GED) in 1984. In the past, plaintiff has worked as a warehouse worker, plastics industry laborer, and a gas station attendant. (Doc. 19, p. 4). His alleged date of disability is August 2, 2002, and he has not performed substantial gainful activity since that point. (Doc. 19, p. 4). Plaintiff alleges disability based on a combination of impairments, including: depression, fatigue, inability to work with other people due to stress, emphysema, and complications from a broken foot. (Doc. 16, p. 2). Plaintiff has a history of methamphetamine and alcohol dependancy. (Doc. 19, p. 4).

The medical records in this case accurately set forth the Plaintiff's medical history as it relates to his claim for benefits. The court has carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before the court.

### **Procedural Background**

On January 30, 2006 plaintiff filed an application for disability benefits and supplementary security income disability benefits. The claim was denied initially and upon reconsideration. On January 2, 2008, an Administrative Law Judge (ALJ) held a hearing, and on March 21, 2008, the ALJ issued a decision denying benefits. Plaintiff requested review of the ALJ's decision. On September 23, 2008, the Appeals Council denied review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Plaintiff timely filed an action in this court.

### **Standard**

This court's review is limited to whether the Commissioner's decision to deny benefits to

plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996)(citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Plaintiff asserts that the ALJ erred by: (1) failing to develop the record by not complying with Dr. Scott's recommendation to secure a neurological examination of plaintiff; (2) failing to develop the record by not considering Dr. Scott's report; (3) relying on erroneous vocational testimony; and (4) failing to pose a complete and proper vocational hypothetical (Doc. 16, pp. 8, 10 & 13). As discussed below, I find that the Commissioner's decision is based on proper legal

Page 3 - FINDINGS and RECOMMENDATION

standards and supported by the evidence as a whole, and I recommend that the court uphold the decision.

## I. Development of the Record

Plaintiff contends that the ALJ failed to fully develop the record. First, plaintiff alleges that the ALJ erred by failing to follow the recommendation of examining psychologist Ryan Scott, Ph.D. that plaintiff be further tested to rule out alternative diagnoses. Next, plaintiff argues that the ALJ ignored Dr. Scott's evaluation.

Generally in Social Security cases, the ALJ has a special duty to "develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). However, an ALJ's duty to further develop the record is only triggered when there is ambiguous evidence or the record is inadequate to allow for the proper evaluation of the evidence. Id. at 459-460; see also Castanda v. Astrue, 2009 WL 2778043 *2 (9th Cir. 2009). The Commissioner may not reject the opinion of an examining doctor unless the rejection is for specific and legitimate reasons, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). To the extent, however, that the doctor's opinion is based on a claimant's subjective complaints, the opinion is properly given the same weight as the claimant's credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Here, the ALJ noted that plaintiff had been diagnosed at various times with bipolar disorder, major depressive disorder, and anxiety disorder, but he had only occasionally sought

treatment and the record does not reflect any hospitalization for a psychiatric disorder. (Tr. 14.[1])
The ALJ noted that the medical record included statements by examining doctors which suggest
that plaintiff was "engaging in possible malingering...." (Id.) The ALJ's findings discussed at
length the evaluations performed by Dr. Scott, Dr. Terilee Wingate, and Dr. Bruch Eather. The
ALJ considered Dr. Scott's examination of plaintiff in April 2006, but gave determinative weight
to the findings of Dr. Terilee Wingate and Dr. Bruch Eather because their findings "were not
inconsistent with the other objective medical evidence in the file." The ALJ observed that both
Dr. Wingate and Dr. Eather found evidence suggesting that plaintiff was malingering. The
underlying record reflects that Dr. Scott specifically stated that his impressions were based solely
on his interview with plaintiff and that all medical conditions should be corroborated with
medical records. (Tr. 215.)

Plaintiff has not established that the record was inadequate or ambiguous so as to trigger
the ALJ's duty to further develop the record. Instead, the substantial evidence in this case reflects
that Dr. Scott's evaluation was based solely on plaintiff's subjective complaints, while
examinations by other doctors—specifically Drs. Wingate and Eather—were supported by the
objective medical evidence. Tonapetyan, 242 F.3d at 1149. Moreover, the medical record as a
whole, which Dr. Scott did not have when he examined plaintiff, resolves the questions raised in
Dr. Scott's report. The ALJ's findings reflect that he considered Dr. Scott's evaluation and also
reflect why he gave determinative weight to the opinions of Dr. Wingate and Dr. Eather. Lester,
81 F.3d at 830-31. In short, I find that the ALJ did not err by failing to further develop the

---

[1]This page number refers to the page number located on the bottom left hand side of the transcript filed in this case as document 11. It does not refer to the page number which is on the header of the CM/ECF document.

Page 5 - FINDINGS and RECOMMENDATION

record. Further, I find that the ALJ considered Dr. Scott's opinion and gave reasons for rejecting it which are supported by substantial evidence in the record.

## II. Vocational Findings

Plaintiff alleges errors with the ALJ's vocational findings. His first contention is that the vocational expert's (VE) testimony was erroneous because it conflicted with information contained in the Dictionary of Occupational Titles (DOT). An ALJ "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). In other words, an ALJ may rely on VE testimony which is inconsistent with the DOT if the ALJ identifies the conflict and explains how the conflict is resolved. SSR 00-4p available at 2000 WL 1898704 at *2.

Here, the ALJ found that plaintiff had the residual functional capacity to perform work at all exertional levels, except plaintiff was "moderately limited in the ability to follow detailed or complex instructions, interact with the public other than superficial or occasional interaction, or to engage in ongoing cooperative, interactive teamwork endeavors." (Tr. 13.) Plaintiff appears to assert that the VE erred in finding that plaintiff could perform his past relevant work as a laborer in a warehouse and as a laborer in a plastics factory because the work, as outlined in the DOT, required plaintiff to follow detailed or complex instructions. (Doc. 16, p. 10.) Plaintiff asserts that work becomes detailed or complex if it exceeds more than 1-3 steps while performing tasks. (Id.) Plaintiff does not, however, identify any specific tasks or functions in his past relevant work which are inconsistent with the ALJ's assessed limitation or with the VE's testimony.

Page 6 - FINDINGS and RECOMMENDATION

Plaintiff cites the Hearing Transcript as support for his 1-3 step limitation. (Doc. 16, p. 10.) However, the 1-3 step limitation is not mentioned anywhere in the hearing transcript, nor is it mentioned elsewhere in the record. (Tr. 17-30.) Moreover, even if the 1-3 step limitation did exist, plaintiff has not shown that any of his past relevant work exceeds this limitation. Plaintiff confuses the number of tasks potentially present in a job with the number of steps in each task. While each of the jobs outlined by the VE may involve a number of tasks, those tasks are all quite simple. They were all identified as "unskilled" by the VE, which equates to the least complex type of work. See SSR 82-41. All of the occupations identified by the VE are compatible with a moderate limitation in following detailed or complex instructions. Accordingly, I find that the ALJ did not err in his reliance on the VE's testimony.

Next, plaintiff argues that the ALJ failed to pose and rely upon a complete and proper vocational hypothetical. (Doc. 16, p. 13.) Plaintiff alleges that the ALJ used the phrase "superficial or occasional" improperly when he asked the VE to consider a person who was limited to "superficial or occasional interaction" with the public. (Id.) Specifically, plaintiff contends that by saying "superficial or occasional," the ALJ used the terms as if they were equivalent. (Id.) According to plaintiff this error placed the VE in a position "to ascertain what the ALJ meant by two inconsistent terms, or what was more important in terms of how the ALJ communicated the hypothetical." (Id. at p. 14.) Thus, plaintiff argues that the VE did not properly consider the level of public interaction inherent in the position of "service station attendant." (Id. at p. 1.)

The issue of whether plaintiff's contact with the public was more than "superficial and/or occasional" is only relevant for the job as a service station attendant. It is not relevant for

Page 7 - FINDINGS and RECOMMENDATION

plaintiff's past relevant jobs as a warehouse worker or plastics factor worker, and the ability to perform a single job in his past work history necessitates a finding that plaintiff is not disabled. See SSR 82-62 available at 1982 WL 31386 at *2. Thus, any possible error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## Conclusion

I find that the ALJ's decision is supported by substantial evidence and was decided by the proper legal standards. For these reasons, I recommend that the court affirm the Commissioner's decision and enter final judgment.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 4th day of March 2010.

THOMAS M. COFFIN
United States Magistrate Judge

Page 8 - FINDINGS and RECOMMENDATION